## GUTMAN *v.* ROGERS.

(*City Court of New York, General Term.* December 26, 1890.)

FACTORS AND BROKERS—DESTRUCTION OF PROPERTY—INSURANCE MONEY—EQUITABLE REMEDY.

   Property belonging to several different consignors was destroyed by fire while in the possession of one to whom it had been consigned for sale, to whom the insurance money for the total loss, irrespective of the nature and ownership of the property, was paid. *Held,* that one of the consignors could not maintain an action at law for his share of the insurance money against the consignee, but that the proper remedy was a suit in equity, to which all the different consignors should be made parties, wherein their several rights may be fixed and determined.

Appeal from trial term.

Action by Carl Gutman against Henry Rogers for insurance money paid defendant on property consigned to him for sale by plaintiff. Plaintiff's complaint was dismissed, and he appeals.

Argued before McADAM, C. J., and VAN WYCK, J.

*Kaufmann & Saunders,* for appellant. *J. H. V. Arnold,* for respondent.

PER CURIAM. The fire destroyed property to the amount of $151,950.29, all of which, excepting $2,500 worth, belonged to the defendant. The total amount of insurance money received was $61,750, or about 40 per cent. of the total loss. Besides the plaintiff and defendant, there were nine other parties whose property was also destroyed by said fire. As their goods, like those of the plaintiff, were on consignment with the defendant, these individuals were interested in the moneys received from the companies. No particular sum was paid by the companies on account of the loss of any particular property, nor on account of the loss of any particular person or persons, but the $61,-750 was paid on account of the total loss of all the property of the 11 different parties, irrespective of its nature or ownership. The trial court could not, under the circumstances, determine from the evidence the extent of the plaintiff's interest in and to the insurance moneys received by the defendant; nor could it determine the several equities of the nine other parties, not before the court. Neither could be determined without the other. The result could be more appropriately reached by a suit in equity with the proper parties, wherein their several equities might be fixed and determined. Under the conditions stated, we find no error in dismissing the complaint. This left the plaintiff free to seek a more appropriate remedy than the one he invoked. It follows that the judgment appealed from must be affirmed, with costs.